LANCE BARNETT ESQ.
Attorney for Plaintiff
277 Broadway 9TH Floor
New York, NY 10007
(212) 619-1555

**CV12   3653**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -**MATSUMOTO, J.**
MELANIE LEVINE

               Plaintiff,

     -against-    **LEVY, M.J.**

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
ERIC WESHNER, CAROL LEVINE AND
MARTIN LEVINE

               Defendants.

**VERIFIED COMPLAINT**

Case No.

- - - - - - - - - - - - - - - - - - - - -X

       Plaintiff, by her attorney, LANCE BARNETT, complaining
of the Defendants herein, alleges upon information and belief,
as follows:

            **AS AND FOR A FIRST CAUSE OF ACTION**
        **ON BEHALF OF PLAINTIFF, MELANIE LEVINE**

       1.   That this is an action for money damages to
redress deprivation by Defendants of the rights secured to the
Plaintiff under the Constitution and Laws of the United States
of America and the State of New York.  The Defendants
unreasonably seized the person of Plaintiff, MELANIE LEVINE,
subjected her to degrading and humiliating searches and her body

without a warrant and arrested her, all without probable cause.

2.    That the jurisdiction of this Court is invoked under the Provisions of Sections 1331 and 1343 of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code, and under the pendent jurisdiction of this Court with respect to the causes of action under State Law sounding in tort.

3.    That at all times herein mentioned, Plaintiff MELANIE LEVINE is a resident of the State of Pennsylvania, United States of America.

4.    That at all times mentioned herein, THE CITY OF NEW YORK, hereinafter "CITY" was and still is a municipal Corporation existing and organized by virtue of the Laws of the State of New York.

5.    At all times mentioned herein, THE NEW YORK CITY POLICE DEPARTMENT, hereinafter "NYCPD", was and still is a Department and/or agency of the CITY OF NEW YORK and operates under its supervision, management and control.

6.    That at all dates and times hereinafter mentioned, DETECTIVE ERIC WESHNER, hereinafter referred to as "WESHNER" was an employee of the "NYCPD" and acted within the scope of his employment as such.

7.    That a Notice of Claim and intention to sue the CITY and NYCPD was duly presented to the Office of the

2

Comptroller of the City of New York on the 9th day of January, 2012.

8. That the CITY has demanded a hearing, pursuant to §50-H of the General Municipal Law, and a hearing was held on June 21, 2012.

9. That more than thirty days have elapsed from the date of said hearing and the City has failed to adjust or settle this claim.

10. That at all times herein mentioned, the Defendants "CITY" and "WESHNER" were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New York.

11. That at all times herein mentioned, the Defendants, and each of them, separately and in concert with each other, engaged in acts and omissions which constituted deprivation of the rights, privileges and immunities of the Plaintiff; that while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or insuring Civil order.

3

12. That at all times mentioned herein, each of the Defendants had the power and duty to restrain the other Defendants and prevent them from violating the law and rights of the Plaintiff but that each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became party to the injuries inflicted upon Plaintiff.

13. The claim arose on October 2, 2009, when the Plaintiff MELANIE LEVINE was unlawfully arrested, falsely imprisoned, maliciously prosecuted, through the negligence, carelessness and recklessness of the City of New York , the New York City Police Department, their agents, servants and/or employees including but not limited to Detective Eric Weshner.

14. On or about September 11, 2009 Melanie Levine, while in her home in South Williamsport PA, was contacted by agents of the New York City Police Dept., including Defendant "WESHNER" , alleging that she committed crimes in New York which in sum and substance are as follows:

That on January 16, 2009 at approximately 4:21 p.m. Melanie Levine did enter the JP Morgan Chase Bank located at 57-27A Main Street Flushing New York, did present herself as Carol Levine, did forge a withdrawal slip by presenting

4

identification in the name of Carol Levine, by signing the name
of Carol Levine and did withdraw the sum of $3400.00 from a bank
account of Carol and Martin Levine from account number
6174869527.

That on January 16, 2009 at approximately 5:15
p.m. Melanie Levine did enter the JP Morgan Chase Bank located
at 41-22 Bell Boulevard Bayside, New York, did forge a
withdrawal slip by presenting identification in the name of
Carol Levine, by signing the name of Carol Levine and did
withdraw the sum of $3400.00 from a bank account of Carol and
Martin Levine from account number 6174869527.

15.    That the New York City Police Department, it's
agents. servants and/or employees, including but not limited to
Defendant "WESHNER", received an assignment of this case from
ADA Neil Giten from the Queens County District Attorney's
office; Defendant "WESHNER" and other agents, servants and/or
employees of the City Of New York and New York City Police
Department did interview Carol Levine and Martin Levine by
traveling from New York to Phillipsburg, New Jersey, was shown a
photograph(s) by Carol Levine allegedly taken at one of the
above JP, Morgan Chase Bank of the individual making the above
withdrawals. That Carol Levine did identify Melanie Levine as
the individual in the bank photographs but did tell Defendant

5

"WESHNER" that Melanie Levine had gastric bypass surgery and had lost weight. Based solely on this evidence The New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER" did seek to arrest Melanie Levine.

16.  That The New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER" did not contact any individual from JP Morgan Chase to investigate the facts of these allegations and if this was done, it would have reflected that Carol Levine initially stated that the photographs were Melanie Levine but thereafter Carol Levine did recant her statement and thereafter stated that she was not sure if the photographs were of Melanie Levine as the last time Carol Levine had seen Melanie Levine was approximately five (5) years prior to the date of the alleged crime, that Melanie Levine did have gastric bypass surgery and did not resemble the woman depicted in the bank photographs. Furthermore the New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER", if they had investigated this matter, and if they had contacted JP Morgan Chase, they would have learned that during the period of time when the theft was committed, there had been at least five (5) fraud claims at the banks in question during

6

the week of January 16. 2009, that JP Morgan Chase had refunded $6800.00 to Carol and Martin Levine on or about February 12, 2009, that JP Morgan Chase were not proceeding with any criminal charges against Melanie Levine, that the theft involving Carol Levine was being investigated as an internal theft, that JP Morgan Chase did have on file copies of the driver's licenses of Martin and Carol Levine but the driver's licenses did not contain any photo identification.

17.   That Defendant "WESHNER", when he did contact Melanie Levine did advise Melanie Levine of the facts as alleged, including but not limited to the description of the individual allegedly making the unauthorized withdrawals, and did provide Melanie Levine with copies of the withdrawal slips and photographs of the individual.

18.   That Melanie Levine did advise the Defendant "NYPD", it's agents, servants and/or employees including but not limited to Defendant "WESHNER", that she was physically sick and bedridden when this crime occurred, did provide  photographs of her physical appearance at the time this crime was committed, which reflected that she did not resemble the individual in the photographs.  Melanie Levine had undergone gastric bypass surgery in the past, that her weight was approximately 124 lbs at the time when the crime occurred, that medical documentation

7

existed to verify Melanie Levine's weight within two week of the crime, and the photographs provided by "WESHNER" depicted the physical appearance of a person of much greater weight than Melanie Levine.

That the Defendant "NYPD", it's agents, servants and/or employees including but not limited to Defendant "WESHNER" did not inquire as to the whereabouts of Melanie Levine on January 16, 2009.

19.    That if the Defendant "NYPD", it's agents, servants and/or employees including by not limited to Defendant "WESHNER", had investigated the facts of this case they would have learned that prior to July 27, 2009, Martin Levine, did retain an attorney, Michael Viscosi Esq. who maintained an office in Fort Plain/ Jamesport New York to file a small claims case against Melanie Levine in the Civil Court Queens County seeking to recoup the sum of $5,000.00 based on stolen money taken from checking account; that Martin Levine did allege that Melanie Levine did reside in Bayside Queens New York and that on November 10, 2009 the Small Claims case was dismissed as the Court did not retain jurisdiction since the parties resided out of New York State.

20.    That in spite of this information the Defendant "NYPD", it's agents, servants and/or employees including but not

8

limited to Defendant "WESHER", still sought to arrest Melanie Levine in South Williamsport Pa.

That Michael Palillo Esq. did advise the New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER", that he was retained to represent Melanie Levine.

21.    Notwithstanding, the New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER", continued to speak with Melanie Levine.

22.    That New York Counsel for Melanie Levine, Michael B. Palillo Esq., did schedule an appointment on a date certain to surrender Melanie Levine to The New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER" at the 112th pct. Queens New York and the date scheduled for surrender was set for October 8, 2009.    That despite of such knowledge the New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER" did obtain in New York a bench warrant for the arrest of Melanie Levine on October 1, 2009  and did have Melanie Levine arrested on Friday October 2, 2011 at her home in South Williamsport PA at approximately 9:00 p.m.

9

23.   That Melanie Levine did remain in South
Williamsport jail from the date of her arrest until she was
brought to New York by the Defendant "NYPD", it's agents,
servants and/or employees including but not limited to Defendant
"WESHNER" . Than Melanie Levine was arraigned in the Criminal
Court Queens County on October 27, 2009.   Upon her arraignment
Melanie Levine was charged with the following crimes which she
did not commit:

155.35   GRAND LARCENY IN THE THIRD DEGREE (1-2)

165.50   CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE THIRD
         DEGREE (3-4)

170.10-1 FORGERY IN THE SECOND DEGREE (5-6)

170.25   CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE
         SECOND DEGREE (7-8)

190.80-1 IDENTITY THEFT IN THE FIRST DEGREE (9-10)

190.80-2 IDENTITY THEFT IN THE FIRST DEGREE (11-12)

190.80-3 IDENTITY THEFT IN THE FIRST DEGREE (13-14)

175.10   FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (15-16)

190.65-1 (b) SCHEME TO DEFRAUD IN THE FIRST DEGREE (17)

190.81   UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION IN THE
         THIRD DEGREE (18)

24.   That cash bail in the sum of $15,000.00 was
ordered by the arraignment Judge.

10

25.    That until bail could be posted Melanie Levine remained imprisoned at Riker's Island Queens New York until on or about November 27rd, 2009.

26.    That Melanie Levine was caused to spend great sums of money to post bail with a bail bondsman.

27.    That Melanie Levine did make numerous trips to New York to attend Criminal Court conferences and spent large sums of money in transportation and lodging expenses.

28.    That Melanie Levine was required to appear and attend a bench trial in the Criminal Court Queens County before the Hon: Evelyn Braun on September 23, 2011, September 26, 2011, October 3, 2011, October 4, 2011, October 6, 2011, October 11, 2011 and October 12, 2011.

29.    On October 12, 2011 the Hon: Evelyn Braun issued a verdict finding Melanie Levine not guilty of all charges and her bail was exonerated.

30.    The Defendant "NYPD" its agents, servants and/or employees including but not limited to Defendant "WESHNER", were negligent, careless, and recklessness in the performance of their duties in that they unlawfully arrested, falsely imprisoned, detained and assaulted the Plaintiff with out her permission or consent and without authority or color of law.

11

31.   The aforesaid searches, detention and arrest of Plaintiff  constituted unreasonable and excessive force by the CITY and NYCPD as identified above.

32.   As a result of the foregoing, the Plaintiff was deprived of her freedom for a substantial period of time, suffered severe emotional trauma and injury, was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer from mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants and is fearful of repetition of the unlawful conduct by the Defendants or by other police officers.

33.   In the manner aforesaid, each of the Defendants, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under color of law, violated the following rights of the Plaintiff:

> A) To be free from unreasonable search
>    and seizure;
> B) To be free from search and seizure
>    without probable cause;
> C) To be free from unlawful detainment,
>    imprisonment and arrest;
> D) To be free from assault and battery;
> E) To be free from negligence in the

12

performance of police duties;

F) To be free from summary punishment
without trial;

G) Due process of law;

34. All of these rights are secured to the Plaintiff
by the provisions of the Fourth and Fourteenth Amendments to the
Constitution of the United States of America, and by 42 U.S.C.
Sections 1983 and 1988, and by the Statutes and Laws of the
State of New York which are invoked under the pendent
jurisdiction of this Court.

35. That solely by reason of all the foregoing,
Plaintiff and has suffered damage and injury in the sum of
Fifteen Million and 00/110 $15,000,000.00) Dollars

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MELANIE LEVINE

36. Plaintiff, repeats, reiterates and realleges each
and every allegation contained in the paragraphs of the
Complaint designated "1" through "30" inclusive with the same
force and effect as though each were fully set forth at length
herein.

37. Upon information and belief, at the aforesaid
time and place, Plaintiff was assaulted and had hands placed on
her by the Defendant "NYPD", it's agents, servants and/or

13

employees herein, including but not limited to Defendant "WESHNER" without the consent of the Plaintiff.

38. That Plaintiff in no way instigated, caused or contributed to the complained of conduct.

39. That as a result of the assault the Plaintiff, suffered, her health was impaired, she was caused to endure scorn and ridicule by being taken in handcuffs and then placed in front residents of the community where the Plaintiff resides. Plaintiff suffered great mental distress and humiliation, her reputation and character were injured and she was embarrassed.

40. That solely by reason of all the foregoing Plaintiff has suffered damage and injury in the sum of Fifteen Million and 00/110 $15,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MELANIE LEVINE

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "30", "37" through "39" inclusive, with the same force and effect as though each were fully set forth at length herein.

42. That the Defendants intentionally, and/or recklessly for the purpose of causing severe mental distress, conducted themselves toward the Plaintiff in a manner so

14

outrageous and shocking that it exceeded all reasonable bounds of decency.

43.    That solely by reason of the foregoing has suffered damage and injury in the sum of Fifteen Million and 00/110 $15,000,000.00) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF MELANIE LEVINE

44.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this complaint designated "1" through "30", "37" through "39", and "42"  inclusive with the same force and effect as though each were fully set forth at length herein.

45.    On or about October 27, 2009 the Defendants falsely and maliciously and without probable cause or provocation, charged the Plaintiff with violation of various Penal Law provisions consisting of but not limited to

155.35    GRAND LARCENY IN THE THIRD DEGREE (1-2)

165.50    CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE THIRD D DEGREE (3-4)

170.10-1 FORGERY IN THE SECOND DEGREE (5-6)

170.25    CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE SECOND DEGREE (7-8)

190.80-1 IDENTITY THEFT IN THE FIRST DEGREE (9-10)

15

190.80-2 IDENTITY THEFT IN THE FIRST DEGREE (11-12)

190.80-3 IDENTITY THEFT IN THE FIRST DEGREE (13-14)

175.10    FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (15-16)

190.65-1 (b) SCHEME TO DEFRAUD IN THE FIRST DEGREE (17)

190.81    UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION IN THE

        THIRD DEGREE (18)

        46.    That the injuries to the Plaintiff that she was
caused to endure scorn and ridicule by being handcuffed,
restrained in her apartment against her will, in full view of
her husband and children, walked inside and thereafter outside
of her residence in full view of her community in hand cuffs,
directed to enter into a police vehicle, was subjected to an
assault and unauthorized touching of her person, taken to the
Williamsport PA, Police Department were she was detained and
searched, was caused to remain in jail in South Williamsport,
had articles written about her in the Williamsport newspaper
referring to the accusations of criminal activity in New York,
was embarrassed and talked about in her community, was put into
handcuffs, was extradited and transported to New York for
processing, appeared in the Criminal Court Queens County for
arraignment on October 27, 2009 was required to post bail,
remanded to Riker's Island where she remained from until bail
was posted. The Plaintiff was required to appear in the Criminal

16

Court Queens County on the following dates for Court appearances
on multiple occasions including but not limited to:

November 9, 2009

November 19, 2009

December 1, 2009

January 8, 2010

January 12, 2010

January 26, 2010

February 23, 2010

June 24, 2010

April 13, 2010

May 5, 2010

August 13, 2010

September 29, 2010

October 28, 2010

November 15, 2010

December 22, 2010

June 13, 2011

June 16, 2011

August 1, 2011

August 11, 2011

   47. The Plaintiff was required to appear and attend a
bench trial in the Criminal Court Queens County before the Hon:

17

Evelyn Braun on September 23, 2011, September 26, 2011, October 3, 2011, October 4, 2011, October 6, 2011, October 11, 2011 and October 12, 2011.

On October 12, 2011 the Hon: Evelyn Braun issued a verdict finding Melanie Levine not guilty of all charges and her bail was exonerated.

48. The Plaintiff was caused to retain a private attorney and spend large sums of money for representation in Criminal Court in an amount excess of $30,000.00.

49. The Plaintiff was caused to incur transportation and lodging expenses in excess of $15,000.00

50. That solely by reason of the foregoing the Plaintiff has suffered injury and damage in excess of the sum of Forty Five Thousand and 00/100 ($45,000.) Dollars..

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MELANIE LEVINE

51. The Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this complaint designated "1" through "30", "37" through "39", "42", "45"- "49" inclusive with the same force and effect as though each were fully set forth at length herein.

52. That solely as a result of wanton and malicious

18

acts of the Defendants, their agents, servants and employees, the Plaintiff is entitled to an award of punitive damages in excess of One Million and 00/100 ($1,000,000.00) Dollars.

**WHEREFORE,** Plaintiff MELANIE LEVINE demand judgment against the Defendant as follows:

(A) MELANIE LEVINE demands judgment against Defendants on the FIRST CAUSE OF ACTION in the sum of $15,000,000.00;

B) MELANIE LEVINE demands judgment against Defendants on the SECOND CAUSE OF ACTION in the sum of $15,000,000.00;

C) MELANIE LEVINE demands judgment against Defendants on the THIRD CAUSE OF ACTION in the sum of $15,000,000.00;

D) MELANIE LEVINE demands judgment against the Defendants on the FOURTH CAUSE OF ACTION in a sum in excess of $45,000.00

E) MELANIE LEVINE demands judgment against the Defendants on the FIFTH CAUSE OF ACTION for punitive damages in a sum of $1,000,000.00

19

F) Together with the costs and

disbursements of this action.

Dated: New York, New York
      July 23, 2012

                                        LANCE BARNETT ESQ.(LB 1098)
                                        Attorney for Plaintiff
                                        277 Broadway
                                        New York, NY 10007
                                        (212)619-1555

20

Michael B. Palillo, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1.     I am the attorney for the Plaintiff(s) in the above captioned matter. I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s)   The reason why this verification is made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
       July 12, 2012

                                   Lance Barnett, Esq.