LANCE E. BARNETT ESQ.
Attorney for Plaintiff
277 Broadway 9TH Floor
New York, NY 10007
(212) 619-1555

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
MELANIE LEVINE

**AMENDED**
Plaintiff,                     **VERIFIED COMPLAINT**

-against-                       Case No. 12-CV-03653
(KAM)(RML)

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
ERIC WESHNER, CAROL LEVINE AND
MARTIN LEVINE

Defendants.

- - - - - - - - - - - - - - - - - - - -X

Plaintiff, by her attorney, LANCE E. BARNETT,

complaining of the Defendants herein, alleges upon information

and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, MELANIE LEVINE

1.   That this is an action for money damages to

redress deprivation by Defendants, THE CITY OF NEW YORK,

hereinafter referred to as the "CITY", THE NEW YORK CITY POLICE

DEPARTMENT, hereinafter referred to as "NYPD" and DETECTIVE,

"ERIC WESHNER" hereinafter referred to as "WESHNER" of the

rights secured to the Plaintiff under the Constitution and Laws

of the United States of America and the State of New York.   The

Defendants unreasonably seized the person of Plaintiff, MELANIE

LEVINE, subjected her to degrading and humiliating searches and

her body and arrested her, all without probable cause.

2.   That the jurisdiction of this Court is invoked

under the Provisions of Sections 1331 and 1343 of Title 28 and

Sections 1983 and 1988 of Title 42 of the United States Code,

and under the pendent jurisdiction of this Court with respect to

the causes of action under State Law sounding in tort, as well

as diversity of jurisdiction.

3.   That at all times herein mentioned, Plaintiff

MELANIE LEVINE was a resident of the State of Pennsylvania,

United States of America.

4.   That at all times mentioned herein, THE CITY OF

NEW YORK, hereinafter "CITY" was and still is a municipal

Corporation existing and organized by virtue of the Laws of the

State of New York.

5.   At all times mentioned herein, THE NEW YORK CITY

POLICE DEPARTMENT, hereinafter "NYCPD", was and still is a

Department and/or agency of the CITY OF NEW YORK and operates

under its supervision, management and control.

2

6. That at all dates and times hereinafter mentioned, DETECTIVE ERIC WESHNER, hereinafter referred to as "WESHNER" was an employee of the "NYCPD" and acted within the scope of his employment as such.

7. That at all dates and times hereinafter mentioned, the Defendants, CAROL LEVINE and MARTIN LEVINE, hereinafter referred to as "LEVINE", were and still are residents of the State of New Jersey.

8. That a Notice of Claim and intention to sue the "CITY" and "NYCPD" was duly presented to the Office of the Comptroller of the City of New York on the 9th day of January, 2012.

9. That the "CITY" has demanded a hearing, pursuant to §50-H of the General Municipal Law, and a hearing was held on June 21, 2012.

10. That more than thirty days have elapsed from the date of said hearing and the "CITY" has failed to adjust or settle this claim.

11. That at all times herein mentioned, the Defendants "CITY" and "WESHNER" were allegedly acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New

3

York.

12.   That at all times herein mentioned, the Defendants, and each of them, separately and in concert with each other, engaged in acts and omissions which constituted deprivation of the rights, privileges and immunities of the Plaintiff; that while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or insuring Civil order.

13.   That at all times mentioned herein, each of the Defendants had the power and duty to restrain the other Defendants and prevent them from violating the law and rights of the Plaintiff but that each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became party to the injuries inflicted upon Plaintiff.

14.   The claim arose on October 2, 2009, when the Plaintiff was unlawfully arrested, falsely imprisoned, maliciously prosecuted, through the negligence, carelessness and recklessness of the Defendants "CITY, "NYPD", their agents, servants and/or employees including but not limited to Defendant

4

"WESHNER".

15. On or about September 11, 2009 the Plaintiff, while in her home in South Williamsport PA, was contacted by agents of the Defendant "NYPD", including Defendant "WESHNER", alleging that she committed crimes in New York which in sum and substance are as follows:

That on January 16, 2009 at approximately 4:21 p.m. Melanie Levine did enter the JP Morgan Chase Bank located at 57-27A Main Street Flushing New York, did present herself as Carol Levine, did forge a withdrawal slip by presenting identification in the name of Carol Levine, by signing the name of Carol Levine and did withdraw the sum of $3400.00 from a bank account of Carol and Martin Levine from account number 6174869527.

That on January 16, 2009 at approximately 5:15 p.m. Melanie Levine did enter the JP Morgan Chase Bank located at 41-22 Bell Boulevard Bayside, New York, did forge a withdrawal slip by presenting identification in the name of Carol Levine, by signing the name of Carol Levine and did withdraw the sum of $3400.00 from a bank account of Carol and Martin Levine from account number 6174869527.

16.     That the Defendant "NYPD", it's agents, servants
and/or employees, including but not limited to Defendant
"WESHNER", received an assignment of this case from ADA Neil
Giten from the Queens County District Attorney's office.
Defendant "WESHNER" and other agents, servants and/or employees
of the City Of New York and New York City Police Department did
interview Defendant "LEVINE" by traveling from New York to
Phillipsburg, New Jersey, was shown a photograph(s) by Carol
Levine allegedly taken at one of the above JP, Morgan Chase Bank
of the individual making the above withdrawals.  That Carol
Levine did identify Plaintiff as the individual in the bank
photographs but did tell Defendant "WESHNER" that Plaintiff had
gastric bypass surgery and had lost weight.  Based solely on
this evidence the Defendant "NYPD" it's agents, servants and/or
employees including but not limited to Defendant "WESHNER" did
seek to arrest Melanie Levine.

17.     That the Defendant "NYPD", it's agents, servants
and/or employees including but not limited to Defendant
"WESHNER" did not contact any individual from JP Morgan Chase to
investigate the facts of these allegations and if this was done,
it would have reflected that Carol Levine initially stated that
the photographs were of the Plaintiff but thereafter Carol
Levine did recant her statement and thereafter stated that she

6

was not sure if the photographs were of the Plaintiff as the last time Carol Levine had seen Melanie Levine was approximately five (5) years prior to the date of the alleged crime, that Melanie Levine did have gastric bypass surgery and did not resemble the woman depicted in the bank photographs. Furthermore the New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER", if they had investigated this matter, and if they had contacted JP Morgan Chase, they would have learned that during the period of time when the theft was committed, there had been at least five (5) fraud claims at the banks in question during the week of January 16. 2009, that JP Morgan Chase had refunded $6800.00 to Carol and Martin Levine on or about February 12, 2009, that JP Morgan Chase were not proceeding with any criminal charges against Melanie Levine, that the theft involving Carol Levine was being investigated as an internal theft, that JP Morgan Chase did have on file copies of the driver's licenses of Martin and Carol Levine but the driver's licenses did not contain any photo identification.

18. That Defendant "WESHNER", when he did contact Plaintiff, did advise Plaintiff of the facts as alleged, including but not limited to the description of the individual allegedly making the unauthorized withdrawals, and did provide

7

Plaintiff with copies of the withdrawal slips and photographs of the individual.

19. That Plaintiff did advise the Defendant "NYPD", it's agents, servants and/or employees including but not limited to Defendant "WESHNER", that she was physically sick and bedridden when this crime occurred, did provide photographs of her physical appearance at the time this crime was committed, which reflected that she did not resemble the individual in the photographs. Plaintiff had undergone gastric bypass surgery in the past, that her weight was approximately 124 lbs at the time when the crime occurred, that medical documentation existed to verify Plaintiff's weight within two week of the crime, and the photographs provided by "WESHNER" depicted the physical appearance of a person of much greater weight than Plaintiff.

20. That the Defendant "NYPD", it's agents, servants and/or employees including but not limited to Defendant "WESHNER" did not inquire as to the whereabouts of Melanie Levine on January 16, 2009.

21. That if the Defendant "NYPD", it's agents, servants and/or employees including by not limited to Defendant "WESHNER", had investigated the facts of this case they would have learned that prior to July 27, 2009, Martin Levine, did retain an attorney, Michael Viscosi Esq. who maintained an

8

office in Fort Plain/Jamesport New York to file a small claims case against Melanie Levine in the Civil Court Queens County seeking to recoup the sum of $5,000.00 based on stolen money taken from his checking account; that Martin Levine did allege that Plaintiff did reside in Bayside Queens New York and that on November 10, 2009 the Small Claims case was dismissed as the Court did not retain jurisdiction since the parties resided out of New York State.

22.   That in spite of this information the Defendant "NYPD", it's agents, servants and/or employees including but not limited to Defendant "WESHER", still sought to arrest Plaintiff in South Williamsport Pa.

23.   That Michael Palillo Esq. did advise the New York City Police Department, it's agents, servants and/or employees including but not limited to Defendant "WESHNER", that he was retained to represent the Plaintiff.

24.   Notwithstanding, the Defendant "NYPD", it's agents, servants and/or employees including but not limited to Defendant "WESHNER", continued to speak with the Plaintiff.

25.   That New York Counsel for Plaintiff, Michael B. Palillo Esq., did schedule an appointment on a date certain to surrender Plaintiff to The New York City Police Department, it's agents, servants and/or employees including but not limited to

9

Defendant "WESHNER" at the 112th pct., Queens New York and the
date scheduled for surrender was set for October 8, 2009.   That
despite such knowledge, the New York City Police Department,
it's agents, servants and/or employees including but not limited
to Defendant "WESHNER" did obtain in New York a bench warrant
for the arrest of Plaintiff on October 1, 2009  and did have
Plaintiff arrested on Friday October 2, 2011 at her home in
South Williamsport PA at approximately 9:00 p.m.

26.   That Plaintiff did remain in South Williamsport
jail from the date of her arrest until she was brought to New
York by the Defendant "NYPD", it's agents, servants and/or
employees including but not limited to Defendant "WESHNER". Than
Plaintiff was arraigned in the Criminal Court Queens County on
October 27, 2009.  Upon her arraignment Melanie Levine was
charged with the following crimes which she did not commit:

155.35   GRAND LARCENY IN THE THIRD DEGREE (1-2)

165.50   CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE THIRD
         DEGREE (3-4)

170.10-1 FORGERY IN THE SECOND DEGREE (5-6)

170.25   CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE
         SECOND DEGREE (7-8)

190.80-1 IDENTITY THEFT IN THE FIRST DEGREE (9-10)

190.80-2 IDENTITY THEFT IN THE FIRST DEGREE (11-12)

190.80-3 IDENTITY THEFT IN THE FIRST DEGREE (13-14)

175.10   FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (15-16)

190.65-1 (b) SCHEME TO DEFRAUD IN THE FIRST DEGREE (17)

190.81   UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION IN THE

THIRD DEGREE (18)

27.   That cash bail in the sum of $15,000.00 was ordered by the arraignment Judge.

28.   That until bail could be posted Plaintiff remained imprisoned at Riker's Island Queens New York until on or about November 27rd, 2009.

29.   That Plaintiff was caused to spend great sums of money to post bail with a bail bondsman.

30.   That Plaintiff did make numerous trips to New York to attend Criminal Court conferences and spent large sums of money in transportation and lodging expenses.

31.   That Plaintiff was required to appear and attend a bench trial in the Criminal Court Queens County before the Hon: Evelyn Braun on September 23, 2011, September 26, 2011, October 3, 2011, October 4, 2011, October 6, 2011, October 11, 2011 and October 12, 2011.

32.   On October 12, 2011 the Hon: Evelyn Braun issued a verdict finding Plaintiff not guilty of all charges and her bail was exonerated.

11

33.    The Defendant "NYPD" its agents, servants and/or employees including but not limited to Defendant "WESHNER", were negligent, careless, and recklessness in the performance of their duties in that they unlawfully arrested, falsely imprisoned, detained and assaulted the Plaintiff with out her permission or consent and without authority or color of law.

34.    The aforesaid searches, detention and arrest of Plaintiff constituted unreasonable and excessive force by the Defendants "CITY" and "NYCPD" as identified above.

35.    As a result of the foregoing, the Plaintiff was deprived of her freedom for a substantial period of time, suffered severe emotional trauma and injury, was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer from mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants and is fearful of repetition of the unlawful conduct by the Defendants or by other police officers.

36.    In the manner aforesaid, each of the Defendants, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under color of law, violated the following rights of the Plaintiff:

A) To be free from unreasonable search
and seizure;

12

B) To be free from search and seizure
without probable cause;

C) To be free from unlawful detainment,
imprisonment and arrest;

D) To be free from assault;

E) To be free from negligence in the
performance of police duties;

F) To be free from summary punishment
without trial;

G) Due process of law;

37. All of these rights are secured to the Plaintiff
by the provisions of the Fourth and Fourteenth Amendments to the
Constitution of the United States of America, and by 42 U.S.C.
Sections 1983 and 1988, and by the Statutes and Laws of the
State of New York which are invoked under the pendent
jurisdiction of this Court.

38. That the Defendants, "NYPD" and "WESHNER", their
agents, servants and/or employees, intentionally and without the
right to do so arrested and took the Plaintiff into custody.

39. That the Plaintiff was aware of this arrest and
did not consent to it.

13

40.    That the Defendants "NYPD" and  "WESHNER", their
agents, servants and/or employees did not have reasonable cause
to believe that the Plaintiff committed any crime.

41.    That the Defendants "NYPD" and  "WESHNER", their
agents, servants and/or employees, under the facts and
circumstances known the Defendants "NYPD" and  "WESHNER", their
agents, servants and/or employees, and/or the information they
had prior to making the arrest, were such that would not lead a
reasonably prudent person to believe that Plaintiff was the
person who committed any crime.

42.    That the Defendants "NYPD" and  "WESHNER", their
agents, servants and/or employees failed to have reasonable
cause to believe that any crimes had been committed by the
Plaintiff and that the Plaintiff was the person who committed
the Crimes.

43.    That solely by reason of all the foregoing,
Plaintiff and has suffered damage and injury in the sum of
Fifteen Million and 00/100 ($15,000,000.00) Dollars

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MELANIE LEVINE

44.    Plaintiff, repeats, reiterates and realleges each
and every allegation contained in the paragraphs of the
Complaint designated "1" through "42" inclusive with the same

14

force and effect as though each were fully set forth at length
herein.

45.   Upon information and belief, at the aforesaid
time and place, Plaintiff was assaulted and had hands placed on
her by the Defendant "NYPD", it's agents, servants and/or
employees herein, including but not limited to Defendant
"WESHNER" without the consent of the Plaintiff.

46.   That Plaintiff in no way instigated, caused or
contributed to the complained of conduct.

47.   That as a result of the assault the Plaintiff,
suffered, her health was impaired, she was caused to endure
scorn and ridicule by being taken in handcuffs and then placed
in front residents of the community where the Plaintiff resides.
Plaintiff suffered great mental distress and humiliation, her
reputation and character were injured and she was embarrassed.

48.   That solely by reason of all the foregoing
Plaintiff has suffered damage and injury in the sum of Fifteen
Million and 00/100 ($15,000,000.00) Dollars.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MELANIE LEVINE

49.   Plaintiff repeats, reiterates and realleges each
and every allegation contained in the paragraphs of the
Complaint designated "1" through "42", "45" through "47"

15

inclusive, with the same force and effect as though each were fully set forth at length herein.

50. That the Defendants "NYPD" and "WESHNER" intentionally, and/or recklessly for the purpose of causing severe mental distress, conducted themselves toward the Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

51. That solely by reason of the foregoing has suffered damage and injury in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MELANIE LEVINE

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "42", "45" through "47" and "50" inclusive, with the same force and effect as though each were fully set forth at length herein.

53. On or about October 27, 2009 the Defendants "NYPD" and "WESHNER" falsely and maliciously and without probable cause or provocation, charged the Plaintiff with violation of various Penal Law provisions consisting of but not limited to

155.35    GRAND LARCENY IN THE THIRD DEGREE (1-2)

165.50    CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE THIRD D

16

DEGREE (3-4)

170.10-1 FORGERY IN THE SECOND DEGREE (5-6)

170.25 CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE
SECOND DEGREE (7-8)

190.80-1 IDENTITY THEFT IN THE FIRST DEGREE (9-10)

190.80-2 IDENTITY THEFT IN THE FIRST DEGREE (11-12)

190.80-3 IDENTITY THEFT IN THE FIRST DEGREE (13-14)

175.10 FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (15-16)

190.65-1 (b) SCHEME TO DEFRAUD IN THE FIRST DEGREE (17)

190.81 UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION IN THE
THIRD DEGREE (18)

54.    That the injuries to the Plaintiff that she was
caused to endure scorn and ridicule by being handcuffed,
restrained in her apartment against her will, in full view of
her husband and children, walked inside and thereafter outside
of her residence in full view of her community in hand cuffs,
directed to enter into a police vehicle, was subjected to an
assault and unauthorized touching of her person, taken to the
Williamsport PA, Police Department were she was detained and
searched, was caused to remain in jail in South Williamsport,
had articles written about her in the Williamsport newspaper
referring to the accusations of criminal activity in New York,
was embarrassed and talked about in her community, was put into

17

handcuffs, was extradited and transported to New York for
processing, appeared in the Criminal Court Queens County for
arraignment on October 27, 2009 was required to post bail,
remanded to Riker's Island where she remained from until bail
was posted. The Plaintiff was required to appear in the Criminal
Court Queens County on the following dates for Court appearances
on multiple occasions including but not limited to:

November 9, 2009

November 19, 2009

December 1, 2009

January 8, 2010

January 12, 2010

January 26, 2010

February 23, 2010

June 24, 2010

April 13, 2010

May 5, 2010

August 13, 2010

September 29, 2010

October 28, 2010

November 15, 2010

December 22, 2010

June 13, 2011

18

June 16, 2011

August 1, 2011

August 11, 2011

55. The Plaintiff was required to appear and attend a bench trial in the Criminal Court Queens County before the Hon: Evelyn Braun on September 23, 2011, September 26, 2011, October 3, 2011, October 4, 2011, October 6, 2011, October 11, 2011 and October 12, 2011.

56. On October 12, 2011 the Hon: Evelyn Braun issued a verdict finding Melanie Levine not guilty of all charges and her bail was exonerated.

57. The Plaintiff was caused to retain a private attorney and spend large sums of money for representation in Criminal Court in an amount excess of $30,000.00.

58. The Plaintiff was caused to incur transportation and lodging expenses in excess of $15,000.00.

59. That solely by reason of the foregoing the Plaintiff has suffered injury and damage in excess of the sum of Forty Five Thousand and 00/100 ($45,000.00) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MELANIE LEVINE

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the

19

Complaint designated "1" through "42", "45" through "47" and "50", "53" through "58" inclusive, with the same force and effect as though each were fully set forth at length herein.

61.     That solely as a result of wanton and malicious acts of the Defendants, "NYPD" and "WESHNER" their agents, servants and employees, the Plaintiff is entitled to an award of punitive damages in excess of One Million and 00/100 ($1,000,000.00) Dollars.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MELANIE LEVINE AGAINST
### DEFENDANTS CAROL LEVINE AND MARTIN LEVINE

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "42", "45" through "47" and "50", "53" through "58" inclusive, with the same force and effect as though each were fully set forth at length herein.

63.     That the Defendants, "LEVINE" without justification and solely to harm the Plaintiff, acted intentionally did seek to hold the Plaintiff responsible for the sums taken from the their JP Morgan Chase account as previously set forth herein at length.

64.     That the Defendants "LEVINE" by these acts did cause financial loss to the Plaintiff.

20

65.   The actions of the Defendants LEVINE were not legally justified.

66.   The Plaintiff was caused to retain a private attorney and spend large sums of money for representation in Criminal Court in an amount excess of $30,000.00.

67.   That The Plaintiff was caused to incur transportation and lodging expenses in excess of $15,000.00

68.   That solely by reason of the foregoing the Plaintiff has suffered injury and damage in excess of the sum of Forty Five Thousand and 00/100 ($45,000.00) Dollars.

**AS AND FOR AN SEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF MELANIE LEVINE AGAINST
DEFENDANTS CAROL LEVINE AND MARTIN LEVINE**

69.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "42", "45" through "47" and "50", "53" through "58", "63" through "67" inclusive, with the same force and effect as though each were fully set forth at length herein.

70.   That the Defendants, "LEVINE" did not have probable cause to believe that the Plaintiff was guilty or committed any crime as aforesaid.

21

71. That the Defendants "LEVINE", by initiating the prosecution, acted maliciously.

72. That under the facts and circumstances then and there existing at the time prosecution was initiated, as previously set forth at length, the defendants "LEVINE" did not act as reasonably prudent persons would have in believing that the Plaintiff was guilty of any crime charged or what the Defendants "LEVINE" reasonably believed to be true.

73. That under the facts and circumstances then and there existing at the time prosecution was initiated, as previously set forth at length, the facts did not appear as Defendants "LEVINE" claimed.

74. That under the facts and circumstances then and there existing at the time prosecution was initiated, as previously set forth at length, it was not reasonable for Defendants "LEVINE" to believe that the Plaintiff committed any crimes.

75. That the prosecution initiated by the Defendants "LEVINE" was malicious, was brought for purposes other than bringing an offender to justice.

76. That the prosecution initiated by the Defendants "LEVINE" was malicious, was brought out of personal ill will against the Plaintiff.

22

77. That the prosecution initiated by the Defendants "LEVINE" was malicious, was brought in reckless disregard of the rights of the Plaintiff.

78. That as a result of the foregoing, the Plaintiff is entitled to recover from for the actual damages resulting from the criminal prosecution.

79. That solely by reason of the foregoing the Plaintiff has suffered injury and damage in excess of the sum of Forty Five Thousand and 00/100 ($45,000.00) Dollars.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF MELANIE LEVINE AGAINST DEFENDANTS CAROL LEVINE AND MARTIN LEVINE

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "42", "45" through "47" and "50", "53" through "58", "63" through "67", "70" through "78" inclusive, with the same force and effect as though each were fully set forth at length herein.

81. That Plaintiff in no way instigated, caused or contributed to the complained of conduct.

82. That as a result of the foregoing the Plaintiff has suffered injury and damages in the sum of Fifteen Million & 00/100 ($15,000,000.00).

23

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MELANIE LEVINE AGAINST
### DEFENDANTS CAROL LEVINE AND MARTIN LEVINE

83.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "42", "45" through "47" and "50", "53" through "58", "63" through "67", "70" through "78", and "81" inclusive, with the same force and effect as though each were fully set forth at length herein.

84.   That as a result of the aforesaid actions of the Defendants "LEVINE" the Plaintiff,  suffered, her health was impaired, she was caused to endure scorn and ridicule by being taken in handcuffs and then placed in front residents of the community where the Plaintiff resides.  Plaintiff suffered great mental distress and humiliation, her reputation and character were injured and she was embarrassed.

85.   That solely by reason of the foregoing actions of the Defendants CAROL LEVINE AND MARTIN LEVINE has suffered damage and injury in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars.

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MELANIE LEVINE AGAINST
### DEFENDANTS CAROL LEVINE AND MARTIN LEVINE

86. Plaintiff repeats, reiterates and realleges each

24

and every allegation contained in the paragraphs of the Complaint designated "1" through "42", "45" through "47" and "50", "53" through "58", "63" through "67", "70" through "78" "81" and "84" inclusive, with the same force and effect as though each were fully set forth at length herein.

87. That the Defendants "LEVINE" intentionally, and/or recklessly for the purpose of causing severe mental distress, conducted themselves toward the Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

88. That solely by reason of the foregoing has suffered damage and injury in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars.

## AS AND FOR A TENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MELANIE LEVINE

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraph of this Complaint designated "1" through "42", "45" through "47" and "50", "53" through "58", "63" through "67", "70" through "78", "81", "84" and "87 inclusive, with the same force and effect as though each were fully set forth at length herein.

25

90.    That solely as a result of wanton and malicious acts of the Defendant "LEVINE" their agents, servants and employees, the Plaintiff is entitled to an award of punitive damages in excess of One Million and 00/100 ($1,000,000.00) Dollars.

**WHEREFORE**, Plaintiff MELANIE LEVINE demand judgment against the Defendant as follows:

(A) MELANIE LEVINE demands judgment against Defendants "CITY" and "WESHNER" on the  FIRST CAUSE OF ACTION in the sum of $15,000,000.00;

B) MELANIE LEVINE demands judgment against Defendants "CITY" and "WESHNER"  on the SECOND CAUSE OF ACTION in the sum of $15,000,000.00;

C) MELANIE LEVINE demands judgment against Defendants "CITY" and "WESHNER" on the THIRD CAUSE OF ACTION in the sum of $15,000,000.00;

D) MELANIE LEVINE demands judgment against the Defendants "CITY" and "WESHNER" on the FOURTH CAUSE OF ACTION in a sum in excess of $45,000.00

E) MELANIE LEVINE demands judgment
against the Defendants "CITY" and "WESHNER"
on the FIFTH CAUSE OF ACTION for punitive
damages in a sum of $1,000,000.00

F) MELANIE LEVINE demands judgment
against the Defendants "LEVINE" on the
SIXTH CAUSE OF ACTION in a  sum in excess
of $45,000.00

G) MELANIE LEVINE demands judgment
against Defendants "LEVINE" on the SEVENTH
CAUSE OF ACTION in the sum in excess of
$45,00.00;

H) MELANIE LEVINE demands judgment
against the Defendant "LEVINE" on the EIGHTH
CAUSE OF ACTION, in the sum of
$15,000,000.00;

I) MELANIE LEVINE demands judgment
against the defendant "LEVINE" on the NINTH
CAUSE OF ACTION, for punitive damages in a sum
in excess of $1,000,000.00;

J) MELANIE LEVINE demands judgment against
the defendant "LEVINE" on the TENTH CAUSE OF
ACTION, for punitive damages in a sum in

27

excess of $1,000,000.00;

K) Together with the costs and

disbursements of this action.

Dated: New York, New York
October 8, 2012

LANCE E. BARNETT ESQ.(LB 1098)
Attorney for Plaintiff
277 Broadway, 9th Floor
New York, NY 10007
(212)619-1555

28

Lance Barnett, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1.    I am the attorney for the Plaintiff(s) in the above captioned matter. I have read the foregoing Amended Complaint and know the contents thereof; the same is true to my  knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s)  The reason why this verification is made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
       October 9, 2012

Lance Barnett, Esq.

**CERTIFICATE OF SERVICE**

I, the undersigned, on October 9, 2012 served the

Amended Complaint on behalf of Plaintiff MELANIE LEVINE by

Depositing same into the mail on October 9, 2012, at the

depository located at 277 Broadway New York New York

**to be** delivered , to:

The City of New York Law Dept.
CORPORATION COUNSEL
100 Church Street
New York, New York 10007
Att: Telefort Pernell, ACC

Stoll, Glickman & Bellina
475 Atlantic Avenue 3rd Floor
Brooklyn, New York 11217
Att: Christopher Q. Davis

LANCE E. BARNETT.

By

Lance E. Barnett Esq. (1098)
Attorney for Melanie Levine
277 Broadway 9th Floor
New York New York 10007
212-619-1555
Lebesq@aol.com

Civil Docket No. 12-CV-03653 (KAM)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MELANIE LEVINE

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
ERIC WESHNER, CAROL LEVINE AND
MARTIN LEVINE

                    Defendant.

---

## AMENDED COMPLAINT

---

## LANCE BARNETT

*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway 9TH Floor**
**New York, NY 10007**
**(212) 619-1555**
Fax (Not for Service)
Lebesq@AOL.COM
(Not for Service)

---

Signature (Rule 130-1.1-a)

LANCE E. BARNETT, ESQ. (*1098*)