UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
MELANIE LEVINE                                    **SECOND**
                                                  **AMENDED**
                     Plaintiff,                   **VERIFIED**
                                                  **COMPLAINT**

          -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE                 Docket No.
ERIC WESHNER, CAROL LEVINE AND                    12-CV-03653
MARTIN LEVINE                                     (KAM)(RML)


                     Defendants.

-----------------------------------------X

     **Plaintiff**, by her attorneys, LANCE E. BARNETT, complaining

of the Defendants herein, alleges upon information and belief,

as follows:

     1.   That this is an action for money damages to redress

deprivation by Defendants, THE CITY OF NEW YORK, [City], THE NEW

YORK CITY POLICE DEPARTMENT [NYPD], and Detective Eric Weshner

[Weshner] of the rights secured to the Plaintiff under the

Constitution and Laws of the United States of America and the

State of New York.

## JURISDICTION

     2.   That the jurisdiction of this Court is invoked under

the Provisions of Sections 1331 and 1343 of Title 28 and

Sections 1983 and 1988 of Title 42 of the United States Code,

and under the pendent jurisdiction of this Court with respect to

the causes of action under State Law sounding in tort, as well as diversity of jurisdiction.

### PARTIES

3.    That at all times herein mentioned, Plaintiff MELANIE LEVINE was a resident of the State of Pennsylvania, United States of America.

4.    That at all times mentioned herein, defendant City was and still is a municipal Corporation existing and organized by virtue of the Laws of the State of New York.

5.    That at all times mentioned herein, the NYPD was and still is a Department and/or agency of the City and operates under its supervision, management and control.

6.    That at all dates and times hereinafter mentioned, defendant Weshner was an employee of the NYPD and acted within the scope of his employment as such.

7.    For purposes of this action, defendant City is deemed to have acted through the defendant NYPD and its employees, servants and agents, including Weshner, when such acts of the NYPD and its officers were performed in the normal course of their duties and employment.

8.    For purposes of this action, defendant City is deemed to have ratified the acts of the defendant NYPD and its employees, servants and agents, including Weshner, when such

acts of the NYPD and its officers were performed in the normal course of their duties and employment.

9. That at all dates and times hereinafter mentioned, the Defendants, Carol Levine and Martin Levine, hereinafter collectively referred to as Levine, were and still are residents of the State of New Jersey.

10. That a Notice of Claim and intention to sue the City and NYPD was duly presented to the Office of the Comptroller of the City of New York on the 9th day of January, 2012.

11. That the City has demanded a hearing, pursuant to §50-H of the General Municipal Law, and a hearing was held on June 21, 2012.

12. That more than thirty days have elapsed from the date of said hearing and the City has failed to adjust or settle this claim.

13. That at all times herein mentioned, the Defendants City and Weshner were allegedly acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New York.

14. That at all times herein mentioned, the Defendants, and each of them, separately and in concert with each other, engaged in acts and omissions which constituted deprivation of

3

the rights, privileges and immunities of the Plaintiff; that while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or insuring Civil order.

15. That at all times mentioned herein, each of the Defendants had the power and duty to restrain the other Defendants and prevent them from violating the law and rights of the Plaintiff but that each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became party to the injuries inflicted upon Plaintiff.

## FACTS UNDERLYING THE CLAIM

16. The claim arose on October 2, 2009, when the Plaintiff was unlawfully arrested, falsely imprisoned, maliciously prosecuted, through the negligence, carelessness and recklessness of defendants City and NYPD, their agents, servants and/or employees including but not limited to Defendant Weshner.

17. On or about September 11, 2009 the Plaintiff, while in her home in South Williamsport PA, was contacted by agents of the Defendant NYPD, including Defendant Weshner, alleging that

she committed crimes in New York which in sum and substance are as follows:

a.   That on January 16, 2009 at approximately 4:21 p.m. Melanie Levine did enter the JP Morgan Chase Bank located at 57-27A Main Street Flushing New York, did present herself as Carol Levine, did forge a withdrawal slip by presenting identification in the name of Carol Levine, by signing the name of Carol Levine and did withdraw the sum of $3400.00 from a bank account of Carol and Martin Levine from account number 6174869527.

b.   That on January 16, 2009 at approximately 5:15 p.m. Melanie Levine did enter the JP Morgan Chase Bank located at 41-22 Bell Boulevard Bayside, New York, did forge a withdrawal slip by presenting identification in the name of Carol Levine, by signing the name of Carol Levine and did withdraw the sum of $3400.00 from a bank account of Carol and Martin Levine from account number 6174869527.

18.   That the Defendant NYPD, its agents, servants and/or employees, including but not limited to Defendant Weshner, received an assignment of this case from Assistant District Attorney Neil Giten from the Queens County District Attorney's office. Defendant Weshner and other agents, servants and/or employees of the City of New York and New York City Police Department did interview Defendant Levine by traveling from New

York to Phillipsburg, New Jersey, whereupon he was shown a photograph(s) of Carol Levine allegedly taken at one of the above JP, Morgan Chase Bank, of the individual making the above withdrawals. That Carol Levine did identify Plaintiff as the individual in the bank photographs but did tell Defendant Weshner that Plaintiff had gastric bypass surgery and had lost weight. Based solely on this evidence the Defendant NYPD it's agents, servants and/or employees including but not limited to Defendant Weshner did seek to arrest Melanie Levine.

19. That the Defendant NYPD, it's agents, servants and/or employees including but not limited to Defendant Weshner did not contact any individual from JP Morgan Chase to investigate the facts of these allegations. If this was done, it would have reflected that Carol Levine initially stated that the photographs were of the Plaintiff but thereafter Carol Levine did recant her statement and thereafter stated that she was not sure if the photographs were of the Plaintiff as the last time Carol Levine had seen Melanie Levine was approximately five (5) years prior to the date of the alleged crime, and that Melanie Levine did have gastric bypass surgery and did not resemble the woman depicted in the bank photographs. Furthermore the NYPD, it's agents, servants and/or employees including but not limited to Defendant Weshner, if they had investigated this matter, and

if they had contacted JP Morgan Chase, they would have learned that during the period of time when the theft was committed, there had been at least five (5) fraud claims at the banks in question during the week of January 16. 2009, that JP Morgan Chase had refunded $6800.00 to Carol and Martin Levine on or about February 12, 2009, that JP Morgan Chase was not proceeding with any criminal charges against Melanie Levine, that the theft involving Carol Levine was being investigated as an internal theft, that JP Morgan Chase did have on file copies of the driver's licenses of Martin and Carol Levine but the driver's licenses did not contain any photo identification.

20. That Defendant Weshner, when he did contact Plaintiff, did advise Plaintiff of the facts as alleged, including but not limited to the description of the individual allegedly making the unauthorized withdrawals, and did provide Plaintiff with copies of the withdrawal slips and photographs of the individual.

21. That Plaintiff did advise the Defendant NYPD, it's agents, servants and/or employees including but not limited to Defendant Weshner, that she was physically sick and bedridden when this crime occurred. Further, she provided photographs of her physical appearance at the time this crime was committed, which reflected that she did not resemble the individual in the

7

photographs. Plaintiff had undergone gastric bypass surgery in the past; her weight was approximately 124 lbs at the time when the crime occurred; medical documentation existed to verify Plaintiff's weight within two week of the crime; and the photographs provided by Weshner depicted the physical appearance of a person of much greater weight than Plaintiff.

22. That the Defendant NYPD, its agents, servants and/or employees including but not limited to Defendant Weshner did not inquire as to the whereabouts of Melanie Levine on January 16, 2009.

23. That if the Defendant NYPD, it's agents, servants and/or employees including by not limited to Defendant Weshner, had investigated the facts of this case, they would have learned that prior to July 27, 2009, Martin Levine, did retain an attorney, Michael Viscosi Esq. who maintained an office in Fort Plain/Jamesport New York to file a small claims case against Melanie Levine in the Civil Court Queens County seeking to recoup the sum of $5,000.00 based on stolen money taken from his checking account; that Martin Levine did allege that Plaintiff did reside in Bayside Queens New York and that on November 10, 2009 the Small Claims case was dismissed as the Court did not retain jurisdiction since the parties resided out of New York State.

8

24.   That in spite of this information the Defendant NYPD, it's agents, servants and/or employees including but not limited to Defendant Weshner still sought to arrest Plaintiff in South Williamsport Pa.

25.   That it was not objectively reasonable for the NYPD, its agents, servants and/or employees including but not limited to Defendant Weshner to conclude that probable cause existed for the arrest.

26.   That defendants NYPD and Weshner were unreasonable in concluding that probable cause existed for the arrest of Melanie Levine based on the sparse, inconclusive, incomplete and inaccurate identification evidence presented to them by defendant Levine.

27.   That the NYPD, its agents, servants and/or employees including but not limited to Defendant Weshner lacked probable cause to arrest Melanie Levine because defendants failed to make further inquiry prior to arresting Melanie Levine when a reasonable officer would have done so.

28.   That the NYPD and Weshner unreasonably disregarded plainly exculpable evidence of plaintiff's innocence by failing to make further inquiry prior to arresting Melanie Levine, when a reasonable officer would have done so.

29.   That Michael Palillo Esq. did advise the New York City

Police Department, its agents, servants and/or employees including but not limited to Defendant Weshner, that he was retained to represent the Plaintiff.

30. Notwithstanding the foregoing, the Defendant NYPD, it's agents, servants and/or employees including but not limited to Defendant Weshner, continued to speak with the Plaintiff.

31. That Michael Palillo Esq., did schedule an appointment on a date certain to surrender Plaintiff to the NYPD, it's agents, servants and/or employees including but not limited to Defendant Weshner at the 112th Pct., Queens New York and the date scheduled for surrender was set for October 8, 2009. That despite such knowledge, the NYPD its agents, servants and/or employees including but not limited to Defendant Weshner did obtain in New York a bench warrant for the arrest of Plaintiff on October 1, 2009 and did have Plaintiff arrested on Friday October 2, 2009 at her home in South Williamsport PA at approximately 9:00 p.m.

32. That Plaintiff did remain in South Williamsport jail from the date of her arrest until she was brought to New York by the Defendant NYPD, its agents, servants and/or employees including but not limited to Defendant Weshner. That Plaintiff was arraigned in the Criminal Court Queens County on October 27, 2009. Upon her arraignment Melanie Levine was charged with the

following crimes which she did not commit:

155.35    GRAND LARCENY IN THE THIRD DEGREE (1-2)

165.50    CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE THIRD DEGREE (3-4)

170.10-1  FORGERY IN THE SECOND DEGREE (5-6)

170.25    CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE SECOND DEGREE (7-8)

190.80-1  IDENTITY THEFT IN THE FIRST DEGREE (9-10)

190.80-2  IDENTITY THEFT IN THE FIRST DEGREE (11-12)

190.80-3  IDENTITY THEFT IN THE FIRST DEGREE (13-14)

175.10    FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (15-16)

190.65-1 (b) SCHEME TO DEFRAUD IN THE FIRST DEGREE (17)

190.81    UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION IN THE THIRD DEGREE (18)

33.  That cash bail in the sum of $15,000.00 was ordered by the arraignment Judge.

34.  That until bail could be posted Plaintiff remained imprisoned at Riker's Island Queens New York until on or about November 27rd, 2009.

35.  That Plaintiff was caused to spend great sums of money to post bail with a bail bondsman.

36.  That Plaintiff did make numerous trips to New York to

11

attend Criminal Court conferences and spent large sums of money in transportation and lodging expenses.

37.  That Plaintiff was required to appear and attend a bench trial in the Criminal Court Queens County before the Hon: Evelyn Braun on September 23, 2011, September 26, 2011, October 3, 2011, October 4, 2011, October 6, 2011, October 11, 2011 and October 12, 2011.

38.  On October 12, 2011 the Hon. Evelyn Braun issued a verdict finding Plaintiff not guilty of all charges and her bail was exonerated.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST NYPD AND WESHNER FOR FALSE ARREST

39.  Plaintiff reiterates and realleges paragraphs "1" through "38" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

40.  The defendants NYPD and Weshner wrongfully, maliciously and falsely arrested plaintiff without probable cause and wrongfully charged her with having committed certain crimes as set forth above, all of which subjected her to being arrested and handcuffed, forced into a police vehicle and then taken to a precinct in Williamsport PA, where she was placed in a cell and detained against her will.

41.  The Plaintiff was aware of this arrest and did not

12

consent to it.

42. The Defendants NYPD and Weshner, their agents, servants and/or employees did not have reasonable cause to believe that the Plaintiff committed any crime and they failed to make any further inquiries although same was required under the facts and circumstances of this case.

43. The Defendants NYPD and Weshner, their agents, servants and/or employees, under the facts and circumstances known to the Defendants NYPD and Weshner, their agents, servants and/or employees, and/or the information they had prior to making the arrest, were such that would not lead a reasonably prudent person to believe that Plaintiff was the person who committed any crime.

44. The Defendants NYPD and Weshner, their agents, servants and/or employees failed to have reasonable cause to believe that any crimes had been committed by the Plaintiff and that the Plaintiff was the person who committed the crimes, and they failed in their duties to make further inquiry under the circumstances.

45. Plaintiff was wholly innocent of said charges and did not contribute in any way to the situation caused and created by the defendants herein.

46. On or about October 12, 2011 the Hon. Evelyn Braun

13

issued a verdict finding Plaintiff not guilty of all charges and her bail was exonerated, as more fully reflected in a Certificate of Disposition – Dismissal.

47. By reason of the acts of the defendants, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body; suffered a loss of her liberty; all to plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS LEVINE FOR FALSE ARREST

48. Plaintiff reiterates and realleges paragraphs "1" through "38", and "39" through "47" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

49. The defendants Levine wrongfully, maliciously and falsely caused plaintiff to be arrested by the NYPD and Weshner without probable cause by providing false, misleading, incomplete, and untruthful information and advice to the NYPD and Weshner, causing plaintiff to be wrongfully charged with having committed certain crimes as set forth above, all of which subjected her to being arrested and handcuffed, forced into a police vehicle and then taken to a precinct in Williamsport PA,

14

where she was placed in a cell and detained against her will.

50. The Plaintiff was aware of this arrest and did not consent to it.

51. The Defendants Levine did not have reasonable cause to believe that the Plaintiff committed any crime.

52. The Defendants Levine knew the information provided to the NYPD and Weshner to be false, misleading, incomplete, and untruthful.

53. The Defendants Levine under the facts and circumstances known to them, and/or the information they had prior to the NYPD and Weshner making the arrest, were such that would not lead a reasonably prudent person to believe that Plaintiff was the person who committed any crime.

54. The Defendants Levine failed to have reasonable cause to believe that any crimes had been committed by the Plaintiff and that the Plaintiff was the person who committed the Crimes.

55. Plaintiff was wholly innocent of said charges and did not contribute in any way to the situation caused and created by the defendants herein.

56. On or about October 12, 2011 the Hon. Evelyn Braun issued a verdict finding Plaintiff not guilty of all charges and her bail was exonerated, as more fully reflected in a Certificate of Disposition – Dismissal.

57. By reason of the acts of the defendants Levine, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body; suffered a loss of her liberty; all to plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST CITY AND WESHNER FOR FALSE IMPRISONMENT

58. Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", and "49" through "56" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

59. On the said date of occurrence – October 2, 2009, in the course of her improper arrest, made without probable cause, the defendants NYPD and Weshner then and there, did wrongfully, unlawfully, maliciously and without justification or probable cause forcibly detain and imprison plaintiff against her will and deprive her of her liberty from October 2, 2009 through October 27, 2009, when she was arraigned and charged with crimes which she did not commit.

60. As a direct and proximate result of defendants' actions and the wholly false incorrect information alleged,

16

plaintiff was caused to be incarcerated at Riker's Island until bail could be posted on or about November 27, 2009.

61.  By reason of the acts of the defendants, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body; suffered a loss of her liberty; all to plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars.  Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**<u>AGAINST DEFENDANTS LEVINE FOR FALSE IMPRISONMENT</u>**

62.  Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", and "58" through "60" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

63.  As a direct and proximate result of Levine defendants' actions including providing false, misleading, incomplete, and untruthful information and advice to the NYPD and Weshner, plaintiff was caused to be wrongfully incarcerated at Riker's Island until bail could be posted on or about November 27, 2009.

64.  By reason of the reckless and illegal acts of the Levine defendants, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body; suffered a loss of her liberty; all to

plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST NYPD AND WESHNER FOR MALICIOUS PROSECUTION

65. Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", "58" through "60", and "62" through "63" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

66. Following plaintiff's arrest and detention, the defendants wrongfully, unlawfully and without probable cause, prosecuted the plaintiff, subjecting her to lengthy and protracted Court proceedings.

67. On or about October 27, 2009 the Defendants NYPD and Weshner falsely and maliciously and without probable cause or provocation, charging the Plaintiff with violation of various Penal Law provisions consisting of but not limited to

155.35   GRAND LARCENY IN THE THIRD DEGREE (1-2)

165.50   CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE THIRD DEGREE (3-4)

170.10-1  FORGERY IN THE SECOND DEGREE (5-6)

170.25   CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE

18

SECOND DEGREE (7-8)

    190.80-1  IDENTITY THEFT IN THE FIRST DEGREE (9-10)

    190.80-2  IDENTITY THEFT IN THE FIRST DEGREE (11-12)

    190.80-3  IDENTITY THEFT IN THE FIRST DEGREE (13-14)

    175.10    FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (15-16)

    190.65-1 (b) SCHEME TO DEFRAUD IN THE FIRST DEGREE (17)

    190.81    UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION IN THE THIRD DEGREE (18)

    68. The injuries to the Plaintiff caused her to endure scorn and ridicule by being handcuffed, restrained in her home against her will, in full view of her husband and children; she was also walked inside and thereafter outside of her residence in full view of her community in handcuffs, directed to enter into a police vehicle where she was subjected to an assault and unauthorized touching of her person, taken to the Williamsport PA, Police Department were she was detained and searched, was caused to remain in jail in South Williamsport, had articles written about her in the Williamsport newspapers referring to accusations of criminal activity in New York, was embarrassed and talked about in her community, was put into handcuffs, was extradited and transported to New York for processing, appeared in the Criminal Court Queens County for arraigment on October

27, 2009 was required to post bail after which she was remanded to Riker's Island where she remained until bail was posted. The Plaintiff was required to appear in the Criminal Court Queens County on multiple occasions, including but not limited to:

November 9, 2009

November 19, 2009

December 1, 2009

January 8, 2010

January 12, 2010

January 26, 2010

February 23, 2010

June 24, 2010

April 13, 2010

May 5, 2010

August 13, 2010

September 29, 2010

October 28, 2010

November 15, 2010

December 22, 2010

June 13, 2011

June 16, 2011

August 1, 2011

August 11, 2011

20

69. The Plaintiff was required to appear and attend a bench trial in the Criminal Court Queens County before the Hon: Evelyn Braun on September 23, 2011, September 26, 2011, October 3, 2011, October 4, 2011, October 6, 2011, October 11, 2011 and October 12, 2011.

70. On October 12, 2011 the Hon. Evelyn Braun issued a verdict finding Melanie Levine not guilty of all charges and her bail was exonerated.

71. All of those actions, as aforesaid, were done without plaintiff's consent and against her will, as plaintiff was innocent and was forced by defendants to submit to legal proceedings. Moreover, not only did defendants initiate a criminal prosecution against Plaintiff without probable cause which was terminated in Plaintiff's favor, but the defendants' actions were "malicious" as that term has been defined under the case law based on the absence of probable cause and defendants' wrong and improper motives in which they sought to subvert justice.

72. Upon information and belief, the defendants withheld accurate information and divulged and reported inaccurate information.

73. Notwithstanding defendants' intentional and egregious conduct, the criminal court failed to convict plaintiff, and

21

instead, acquitted plaintiff of all charges and otherwise determined the proceedings in plaintiff's favor.

74. By reason of the acts of the defendants, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body; suffered a loss of her liberty; all to plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGAINST DEFENDANTS LEVINE FOR MALICIOUS PROSECUTION**

75. Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", "58" through "60", "62" through "63", and "65" through "73" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

76. Following plaintiff's arrest and detention, the Levine defendants wrongfully, unlawfully and without probable cause negligently and/or deliberately provided false, misleading, incomplete, and untruthful information and advice to the NYPD and Weshner, causing plaintiff to be prosecuted and subjected her to lengthy and protracted Court proceedings.

77. As a direct and proximate result of the negligent and/or deliberate actions of the Levine defendants, on or about

October 27, 2009 the Defendants NYPD and Weshner falsely and maliciously and without probable cause or provocation, charged the Plaintiff with violation of various Penal Law provisions consisting of but not limited to

155.35   GRAND LARCENY IN THE THIRD DEGREE (1-2)

165.50   CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE THIRD DEGREE (3-4)

170.10-1 FORGERY IN THE SECOND DEGREE (5-6)

170.25   CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE SECOND DEGREE (7-8)

190.80-1 IDENTITY THEFT IN THE FIRST DEGREE (9-10)

190.80-2 IDENTITY THEFT IN THE FIRST DEGREE (11-12)

190.80-3 IDENTITY THEFT IN THE FIRST DEGREE (13-14)

175.10   FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (15-16)

190.65-1 (b) SCHEME TO DEFRAUD IN THE FIRST DEGREE (17)

190.81   UNLAWFUL POSSESSION OF PERSONAL IDENTIFICATION IN THE THIRD DEGREE (18)

78. The injuries to the Plaintiff caused her endure scorn and ridicule by being handcuffed, restrained in her home against her will, in full view of her husband and children; she was also walked inside and thereafter outside of her residence in full view of her community in handcuffs, directed to enter into a

23

police vehicle when she was subjected to an assault and unauthorized touching of her person, taken to the Williamsport PA, Police Department were she was detained and searched, was caused to remain in jail in South Williamsport, had caused articles to be written about her in the Williamsport newspapers referring to the accusations of criminal activity in New York, was embarrassed and talked about in her community, was put into handcuffs, was extradited and transported to New York for processing, appeared in the Criminal Court Queens County for arraignment on October 27, 2009 where she was required to post bail and thereafter remanded to Riker's Island where she remained from until bail was posted. The Plaintiff was required to appear in the Criminal Court Queens on multiple occasions including, but not limited, to:

November 9, 2009

November 19, 2009

December 1, 2009

January 8, 2010

January 12, 2010

January 26, 2010

February 23, 2010

June 24, 2010

April 13, 2010

24

May 5, 2010

August 13, 2010

September 29, 2010

October 28, 2010

November 15, 2010

December 22, 2010

June 13, 2011

June 16, 2011

August 1, 2011

August 11, 2011

79.  The Plaintiff was required to appear and attend a bench trial in the Criminal Court Queens County before the Hon: Evelyn Braun on September 23, 2011, September 26, 2011, October 3, 2011, October 4, 2011, October 6, 2011, October 11, 2011 and October 12, 2011.

80.  On October 12, 2011 the Hon. Evelyn Braun issued a verdict finding Melanie Levine not guilty of all charges and her bail was exonerated.

81.  All of those actions, as aforesaid, were done without plaintiff's consent and against her will, as plaintiff was innocent and was forced by defendants to submit to legal proceedings.  As such, not only did defendants initiate criminal proceedings against Plaintiff from which she was acquitted, but

25

they did so without probable cause and maliciously since they had improper motives and sought to subvert justice.

82. The defendants Levine withheld accurate information and divulged and reported inaccurate information. Under the facts and circumstances then and there existing at the time prosecution was initiated, as previously set forth at length, the defendants Levine did not act as reasonably prudent persons would have in believing that the Plaintiff was guilty of any crime charged or what the Defendants Levine reasonably believed to be true.

83. That under the facts and circumstances then and there existing at the time prosecution was initiated, as previously set forth at length, the facts did not appear as Defendants Levine claimed.

84. That under the facts and circumstances then and there existing at the time prosecution was initiated, as previously set forth at length, it was not reasonable for Defendants Levine to believe that the Plaintiff committed any crimes.

85. That Defendants Levine played an active role in the prosecution, by providing knowingly false advice and information to the NYPD and Weshner, so as to importune the authorities to act.

86. That Defendants Levine affirmatively induced the NYPD

26

and Weshner, their agents, servants and/or employees, to falsely arrest, imprison and prosecute Melanie Levine, by taking an active part in the arrest and procuring it to be made and/or showed active, officious and undue zeal, to the point where the NYPD and/or Weshner were not acting of their own volition.

87. That Defendants Levine instigated or directed the unlawful arrest, imprisonment and prosecution.

88. That the arrest, imprisonment and/or prosecution initiated by the Defendants Levine was malicious, was brought for purposes other than bringing an offender to justice.

89. That the prosecution initiated by the Defendants Levine was malicious, was brought out of personal ill will against the Plaintiff.

90. That the prosecution initiated by the Defendants Levine was malicious, was brought in reckless disregard of the rights of the Plaintiff.

91. Notwithstanding defendants' intentional and egregious conduct, the criminal court failed to convict plaintiff, and instead, acquitted plaintiff of all charges and otherwise determined the proceedings in plaintiff's favor.

92. By reason of the acts of the defendants Levine, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body;

27

suffered a loss of her liberty; all to plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93. Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", "58" through "60", "62" through "63", "65" through "73", "75" through "83" and "85" through 92" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

94. At said date and place of occurrence, all of the defendants, then and there, knew that the plaintiff was not guilty of any crimes or criminal wrongdoing.

95. The defendants also knew that no probable cause existed to arrest, detain or prosecute plaintiff.

96. Notwithstanding this knowledge, the defendants together and individually, wrongfully, unlawfully and maliciously, without justification or probable cause, falsely arrested plaintiff, forcibly detained plaintiff, falsely charged plaintiff with one or more crimes and attempted to prosecute plaintiff up to the point the charges were dismissed.

97.   The defendants' foregoing actions were intended to and did cause plaintiff extreme emotional distress, depression, anxiety and fear.   The conduct was also outrageous and was intended to cause severe emotional distress or disregard the substantial probability that such conduct would cause severe emotional injury.

98.   By reason of the acts of all defendants, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body; suffered a loss of her liberty; all to plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars.   Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### AGAINST NYPD AND WESHNER FOR
### <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

99.   Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", "58" through "60", "62" through "63", "65" through "73", "75" through "83" "85" through 92", and "94" through 98" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

100. The aforesaid acts, damages and injuries sustained by plaintiff were caused by the negligence and incompetence of the NYPD and/or Weshner, which included but not limited to: failing

to exercise due care in the hiring, training and supervision of the individual police officers; failing to properly investigate the existing circumstances before effectuating the plaintiff's arrest.

101. The injuries herein alleged were caused solely by the negligence of the NYPD and/or Weshner and without any negligence on the part of the plaintiff contributing thereto.

102. By reason of the acts of all defendants, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body; suffered a loss of her liberty; all to plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

### AS AND FOR A NINTH CAUSE OF ACTION
### AGAINST DEFENDANTS LEVINE FOR
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

103. Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", "58" through "60", "62" through "63", "65" through "73", "75" through "83" "85" through 92", "94" through "98", and "100" through "102" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

104. The aforesaid acts, damages and injuries sustained by plaintiff were caused by the negligence and carelessness of the

30

defendants Levine in providing false advice and information to the NYPD and Weshner.

105. The injuries herein alleged were caused solely by the negligence of the defendants Levine, and without any negligence on the part of the plaintiff contributing thereto.

106. By reason of the acts of all defendants, plaintiff was subjected to a great deal of indignity and humiliation, mental anguish, pain and distress of mind and body; suffered a loss of her liberty; all to plaintiff's damage in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

### AS AND FOR A TENTH CAUSE OF ACTION
### AGAINST NYPD AND WESHNER FOR VIOLATION(S) OF 42 USC §1983

107. Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", "58" through "60", "62" through "63", "65" through "73", "75" through "83" "85" through 92", "94" through 98", "100" through "102", and "104" through "106" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

108. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the

31

United States and under Federal Law, particularly Title 42 USC §1983.

109. Each and all of the acts of the defendant City and/or Weshner were done by each of them, not as individuals, but under the color and pretense of the Statutes, Ordinances, Regulations, Customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers and representatives for such City.

110. That the Defendants NYPD and Weshner, their agents, servants and/or employees, under the facts and circumstances known to the Defendants NYPD and Weshner, their agents, servants and/or employees, and/or the information they had prior to making the arrest, were such that would not lead a reasonably prudent person to believe that Plaintiff was the person who committed any crime.

111. That the Defendants NYPD and Weshner, their agents, servants and/or employees failed to have reasonable cause to believe that any crimes had been committed by the Plaintiff and that the Plaintiff was the person who committed the Crimes.

112. The defendant City and Weshner knew full well that the arrest, detention, imprisonment and prosecution of the plaintiff was false, unjust, without probable cause, unlawful and unwarranted.

32

113. The defendant City failed to properly supervise and train its officers in the proper manner and method to investigate and if necessary, effectuate an arrest. The City's actions regarding the training, supervision and discipline of its employees amounted to a facially negligent action and policy that amounted to a deliberate indifference to the rights of individuals coming into contact with these individuals. Defendant City also failed to properly supervise and train its officers as to the proper manner and method to effectuate and proceed with the detention of the accused individual following such arrest, so as not to infringe on the accused individual's constitutional rights and freedoms.

114. Upon information and belief, prior similar situations have arisen involving the defendant City and said defendant has acquiesced to such similar conduct in those situations.

115. By failing to properly train and supervise its police officers, defendant City exhibited deliberate indifference to the general public and plaintiff herein.

116. The conduct of the defendants, and each of them, deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States: freedom from unreasonable seizure of her person; freedom from arrest without probable cause; freedom from false

33

imprisonment, to the extent that her detention was without good faith, reasonable suspicion, or legal justification, and of which plaintiff was aware and did not consent; freedom from the lodging of false charges by the police; freedom from malicious prosecution without probable cause; freedom from abuse of process; freedom from deprivation of liberty without due process of law.

117. As a result of the foregoing, the Plaintiff was deprived of her freedom for a substantial period of time, suffered severe emotional trauma and injury, was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer from mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants and is fearful of repetition of the unlawful conduct by the Defendants or by other police officers, and has suffered damage and injury in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## AGAINST NYPD AND WESHNER FOR ASSAULT

118. Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", "58" through "60", "62" through "63", "65" through "73", "75" through "83"

34

"85" through 92", "94" through 98", "100" through "102", "104" through "106", and "108" through "117" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

119. Upon information and belief, at the aforesaid time and place, Plaintiff was assaulted and had hands placed on her by the Defendant NYPD, its agents, servants and/or employees herein, including but not limited to Defendant Weshner without the consent of the Plaintiff. At the time this occurred, Defendant Weshner waS acting within the scope of his authority as a New York City Police Officer.

120. That Plaintiff in no way instigated, caused or contributed to the complained of conduct.

121. That as a result of the assault the Plaintiff, suffered, her health was impaired, she was caused to endure scorn and ridicule by being taken in handcuffs and then placed in front residents of the community where the Plaintiff resides. Plaintiff suffered great mental distress and humiliation, her reputation and character were injured and she was embarrassed.

122. That solely by reason of the foregoing Plaintiff has suffered damage and injury in the sum of Fifteen Million and 00/100 ($15,000,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

35

## AS AND FOR A TWELFTH CAUSE OF ACTION
<u>AGAINST ALL DEFENDANTS FOR ECONOMIC DAMAGES</u>

123. Plaintiff reiterates and realleges paragraphs "1" through "38", "39" through "47", "49" through "56", "58" through "60", "62" through "63", "65" through "73", "75" through "83" "85" through 92", "94" through 98", "100" through "102", "104" through "106", "108" through "117", and "119" through "121" of this complaint, with the same force and effect as if said paragraphs had been set forth more fully herein.

124. That all defendants without justification and solely to harm the Plaintiff, acted intentionally did seek to hold the Plaintiff responsible for the sums taken from their JP Morgan Chase account as previously set forth herein at length.

125. That the defendants by these acts did cause financial loss to the Plaintiff.

126. The actions of the defendants were not legally justified.

127. The Plaintiff was caused to retain a private attorney and spend large sums of money for representation in Criminal Court in an amount excess of $30,000.00.

128. The Plaintiff was caused to incur transportation and lodging expenses in excess of $15,000.00.

129. That solely by reason of the foregoing the Plaintiff

36

has suffered injury and damage in excess of the sum of Forty Five Thousand and 00/100 ($45,000.00) Dollars. Plaintiff further claims attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

**WHEREFORE**, Plaintiff MELANIE LEVINE demands judgment against the Defendant as follows:

A)   against Defendants City and Weshner on the FIRST CAUSE OF ACTION in the sum of $15,000,000.00;

B)   against Defendants Levine on the SECOND CAUSE OF ACTION in the sum of $15,000,000.00;

C)   against Defendants City and Weshner on the THIRD CAUSE OF ACTION in the sum of $15,000,000.00;

D)   against the Defendants Levine on the FOURTH CAUSE OF ACTION in the sum of $15,000,000.00;

E)   against the defendant Weshner for punitive damages in a sum of $1,000,000.00;

F)   against the defendants Levine for punitive damages in a sum of $1,000,000.00;

F)   against the Defendants City and Weshner on the FIFTH CAUSE OF ACTION in the sum of $15,000,000.00;

G)   against Defendants Levine on the SIXTH CAUSE OF ACTION in the sum of $15,000,000.00;

H)   against all defendants on the SEVENTH CAUSE OF ACTION,

37

in the sum of $15,000,000.00;

I) against the defendant NYPD and Weshner on the EIGHTH CAUSE OF ACTION, in the sum of $15,000,000.00;

J) against the defendants Levine on the NINTH CAUSE OF ACTION, in the sum of $15,000,000.00;

K) against the defendant NYPD and Weshner on the TENTH CAUSE OF ACTION, in the sum of $15,000,000.00;

L) against the defendant NYPD and Weshner on the ELEVENTH CAUSE OF ACTION, in the sum of $15,000,000.00;

M) against the defendants Levine on the TWELFTH CAUSE OF ACTION, in a sum that exceeds $45,000.00;

N) Together with the costs and disbursements of this action including attorney's fees, pursuant, *inter alia*, to 42 USC §1988.

Dated: New York, New York
       October 7, 2013

LANCE E. BARNETT ESQ.
Attorney for Plaintiff
277 Broadway, 9th Floor
New York, NY 10007
(212)619-1555