```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

MELANIE LEVINE,
                                           ORDER ADOPTING REPORT
                                           AND RECOMMENDATION
                        Plaintiff,

    -against-                              12-CV-3653(KAM)(RML)

CITY OF NEW YORK, et al.,

                        Defendants.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On July 24, 2012, plaintiff Melanie Levine ("plaintiff") commenced this action against the City of New York ("the City"), the New York City Police Department ("NYPD"), Detective Eric Weshner ("Weshner"), and plaintiff's relatives, Carol Levine and Martin Levine (collectively, the "Levine defendants"). (*See generally* ECF No. 1, Complaint ("Compl.") filed 7/24/12.) Plaintiff filed two amended complaints in October 2012 and October 2013. (*See* ECF No. 12, First Amended Complaint filed 10/9/12; ECF No. 27, Second Amended Complaint ("Second Am. Compl.") filed 10/4/13.) In her Second Amended Complaint, plaintiff brings claims of, *inter alia*, false arrest, false imprisonment, and malicious prosecution against the various defendants pursuant to 42 U.S.C. § 1983. (*See generally* Second Am. Compl.) Plaintiff also brings claims of intentional and negligent infliction of emotional distress under New York

State law. (*Id.* at 28-31.)

According to the Second Amended Complaint, plaintiff was falsely arrested on October 2, 2009, and charged with fraudulently withdrawing $6,800 from the bank account of the Levine defendants from two JP Morgan Chase Bank locations in Queens, New York. (*Id.* at 4-5.) Plaintiff alleges that the Levine defendants identified her in bank photographs as the individual who entered the bank locations and made the withdrawals. (*Id.* at 5.) Plaintiff, a resident of South Williamsport, Pennsylvania, alleges that at the time the fraudulent withdrawals occurred, she was "physically sick and bedridden," and that her physical appearance did not match the appearance of the individual in the photographs because plaintiff had undergone gastric bypass surgery and weighed significantly less than the photographed individual. (*Id.* at 7-8.)

Plaintiff was charged with, *inter alia*, grand larceny, forgery, and identity theft. (*Id.* at 11.) After a bench trial before the Hon. Evelyn Braun in New York Criminal Court, Queens County, plaintiff was found not guilty of all charges. (*Id.* at 12.)

On December 18, 2013, the Levine defendants moved to dismiss plaintiff's Second Amended Complaint under Federal Rule

2

of Civil Procedure 12(b)(6).  (ECF No. 30, Levine Defs.' Mot. to Dismiss Second Am. Compl. filed 12/18/13.)  On April 11, 2014, the court referred the Levine defendants' motion to dismiss to the Honorable Robert M. Levy for a Report and Recommendation. (*See* Order Referring Motion 4/11/14.)

On July 15, 2014, Judge Levy issued a Report and Recommendation recommending that the Levine defendants' motion be granted.  (ECF No. 33, Report and Recommendation dated 7/15/14 ("R&R").)  Judge Levy found that plaintiff's claims of false arrest and false imprisonment against the Levine defendants, who are private individuals, failed to state a claim upon which relief could be granted because the Second Amended Complaint failed to allege that the Levine defendants intentionally fabricated material facts or engaged in state action.[1]  (*Id.* at 4-6.)  The R&R also recommended dismissing the malicious prosecution claim against the Levine defendants because plaintiff failed to allege that the Levine defendants initiated the prosecution.  (*Id.* at 7-9)  Finally, the R&R recommended dismissal of plaintiff's claims of intentional and negligent infliction of emotional distress against the Levine defendants, finding that plaintiff failed to allege facts

---

[1] Judge Levy also noted that plaintiff was arrested pursuant to a valid arrest warrant.  (R&R at 4.)

establishing that the Levine defendants had engaged in extreme and outrageous conduct. (*Id.* at 9-10).

The R&R also informed the parties that any objections to the report must be filed within fourteen days of receipt of the report. (*See* R&R at 10 (citing 28 U.S.C. § 636(b)(1)).) Notice of the R&R was sent electronically to defendants via the court's electronic filing system on July 15, 2014. The statutory period for filing objections has expired, and to date, no objections have been filed. (*See generally* Docket No. 12-CV-3653.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Levy's well-reasoned and very thorough Report and Recommendation, the court finds no clear error and hereby affirms and adopts the

Report and Recommendation in its entirety as the opinion of the court. Accordingly, the Levine defendants' motion to dismiss is granted in its entirety. The Clerk of Court is respectfully directed to enter judgment in favor of and terminate the Levine defendants.

**SO ORDERED.**

Dated: July 31, 2014
       Brooklyn, New York

                                            /s/
                                    Kiyo A. Matsumoto
                                    United States District Judge